**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| CASEY KIA TABATABEE, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| US Attorney General ERIC HOLDER | : | CIVIL NO. 5:12-CV-0217-MTT-MSH |
| IMMIGRATION AND CUSTOMS | : | |
| ENFORCEMENT, Warden DAVID | : | |
| BARROW, and WASHINGTON | : | |
| STATE PRISON, | : | |
| | : | |
| Respondents | : | |

_____

**RECOMMENDATION OF DISMISSAL**

Petitioner **CASEY KIA TABATABEE,**[1] an inmate at Washington State Prison in

Davisboro, Georgia, has filed the above-captioned proceeding and apparently seeks to

proceed *in forma pauperis*.   The exact relief requested by Petitioner is unclear, however.

Though Petitioner purports to have filed an application for habeas corpus relief pursuant

for 28 U.S.C. 2241, the large majority of his 150 page application appears to challenge his

2003 state conviction in the Forsyth County Superior Court.   Relief from this conviction

must be sought under 28 U.S.C. § 2254.

In his application, Petitioner suggests that he cannot receive the relief he seeks

under § 2254, as he wishes to challenge the constitutionality of specific immigration laws:

_____

1  Also known as: Kia Tabatabaee, Casey Tabatobee, Kia Tabatabaees, and Kia Casey Tabatabaee

1

"8 U.S.C. §§ 1126(c) and 1182(a)(2)(A)(I)." (Petition [ECF No. 1] at 4). Petitioner's application does reference a 2003 proceeding with the Immigration and Naturalization Service ("INS") – which is now United States Immigration and Customs Enforcement ("I.C.E.") – following his 2003 arrest. According to his application, Petitioner is a permanent resident of the United States and has been for thirty-eight years. (*Id.* at 7). The federal government apparently granted him a withholding of removal and protection under the Convention Against Torture ("CAT") in 1998. (*Id.* at 98).

It is unclear how Petitioner's immigration status has changed or how his immigration status may affect the execution of his sentence. According to Petitioner, the INS initiated removal proceedings after his conviction in March of 2004, at which time Petitioner submitted his documentation and again requested removal relief under CAT. No action has been taken in the eight years since, and there has been no final order or notice of deportation. Petitioner seems to believe, however, that the 2004 CAT proceeding is on-going and seeks some type of relief from this Court regarding the delay.

Regardless, it is clear from the face of his application that Petitioner is *not* currently being held by I.C.E. He has been convicted of a criminal offense by the State of Georgia and is serving a state sentence in a state prison. There is, of course, a chance that Petitioner may be detained or otherwise placed in the custody of U.S. Immigration once he completes his state sentence or is granted parole. *See e.g., D'Alessandro v. Mukasey*, 628 F. Supp. 2d 368 (W.D.N.Y. 2009) (prisoner placed in custody of U.S. immigration immediately after being released on parole sought relief under § 2241). Until then,

2

however, it does not appear that Plaintiff has a basis for seeking relief under § 2241.

Indeed, very little of Petitioner's application is dedicated to his immigration status. As noted above, the large majority of Petitioner's arguments actually challenge the validity of his 2003 state conviction.   Thirty-nine of the forty grounds raised in his lengthy petition identify alleged constitutional deficiencies with his state conviction, sentence, and appeal; only one mentions an immigration issue.   For this reason, Petitioner's application will be construed as one filed under 28 U.S.C. § 2254.

Section 2241(d) of Title 28 of the United State Code permits a state prisoner's habeas petition to be filed in the district within which the prisoner was convicted or in the district within which the prisoner is confined.   However, it is the long-standing policy and practice of the United States District Courts for the Middle, Northern, and Southern Districts of Georgia to cause all such petitions to be filed in the district in which the prisoner was *convicted*.   Thus, the proper venue for a § 2254 petition challenging a conviction in the Forsyth County Superior Court is the Northern District of Georgia.   *See* 42 U.S.C. 2241(d).

In most cases, the district court will transfer a habeas petition to the proper venue. However, Petitioner already has an eighty-eight page § 2254 application pending in the Northern District of Georgia.   *See Tabatabee v. Barrow*, 2:12-cv-0150-WCO-SSC (N.D. Ga.).   In that action, he also challenges his 2003 state conviction and present sentence. Thus, the present application for habeas relief appears to be duplicative of the one pending in the Northern District.   *I. A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551

3

(11th Cir. 1986) ("a suit is duplicative of another suit if the parties, issues, and available relief do not significantly differ between the two actions").

For this reason, the undersigned finds that interests of justice would not be served by a transfer, and it is instead hereby **RECOMMENDED** that Petitioner's application be **DISMISSED**.

SO ORDERED, this 28th day of June, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE