IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CASEY TIA TABATABEE,** | ) |
| **Petitioner,** | ) |
| v. | ) CASE NO. 5:12-CV-217(MTT) |
| **UNITED STATES ATTORNEY GENERAL ERIC HOLDER,** *et al.*, | ) |
| **Respondent.** | ) |

### ORDER

This matter is before the Court on Petitioner's Motion for Certificate of Appealability and Motion for Leave to Appeal In Forma Pauperis. (Docs. 18 and 20). For the following reasons, both Motions are **DENIED.**

Both of the Petitioner's Motions pertain to the appeal of the Court's dismissal of his § 2254 petition. The Petitioner styled his Motion as a § 2241 Petition. (Doc. 1). However, as the Magistrate Judge pointed out, that was not an appropriate vehicle for the Petitioner to collaterally attack his state court conviction. (Doc. 10). Instead, the appropriate vehicle is a § 2254 Petition. Because the Petitioner has a pending § 2254 petition in the Northern District of Georgia, the Magistrate Judge recommended dismissing the Petition filed in this Court. The Court adopted the Recommendation (Doc. 16), and the Petitioner now seeks to appeal the Court's dismissal of his § 2254 Petition (Doc. 19).

First, with regard to the Petitioner's Motion for Certificate of Appealability,

section 11(a) of the Rules governing § 2254 proceedings, requires that the Petitioner make a substantial showing of the denial of a constitutional right before the Court should grant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Here, although the Petitioner alleges his constitutional rights have been violated, the Petitioner has not made a "substantial showing" of a denial of a constitutional right. Accordingly, the Motion for Certificate of Appealability is **DENIED**.  (Doc. 18).

Second, with regard to the Petitioner's Motion for Leave to Appeal In Forma Pauperis, Federal Rule of Appellate Procedure 24(a) sets out the requirements for an appellant in a civil case who wishes to proceed in forma pauperis.  According to Rule 24(a)(1), the appellant "must attach an affidavit that…(A) shows in the detail prescribed by Form 4 of the Appendix of Forms [his] inability to pay or give security for the fees and costs; (B) claims an entitlement to redress; and (C) states the issues that [he] intends to present on appeal."  Here, the Petitioner's Affidavit is insufficient in that it neither claims an entitlement to redress nor states the issues that are presented on appeal.  (Doc. 20). Accordingly, the Petitioner's Motion for Leave to Appeal In Forma Pauperis is **DENIED**.

**SO ORDERED**, this the 4th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT